**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS K. HAWLEY and EQUITY TRUST
COMPANY, CUSTODIAN f/b/o THOMAS K.
HAWLEY IRA,

    Plaintiffs,

vs.                                              CASE NO. 3:06-cv-986-J-33TEM

AMERICAN EAGLE SAILING, INC., a
Florida corporation, AMERICAN EAGLE
FLEET AND LEASE, INC., a Florida
corporation, COIN CASTLE CASINOS, II,
a Florida corporation, and THOMAS O'DONNELL,
an individual,

    Defendants.

_____

**O R D E R**

This case comes before the Court on Plaintiffs' Motion for Prejudgment Writ of Garnishment (Doc. #7), filed November 16, 2006. Plaintiffs request the Court enter an order directing the Clerk to issue a Writ of Garnishment naming Bank of America, N.A. as Garnishee. Plaintiffs assert that they believe Bank of America has in its possession Defendants' money, and that Defendants will remove the money before judgment is entered in this case. As support for their position, Plaintiffs point to Rule 64 of the Federal Rules of Civil Procedure and to Florida state law.

Rule 64 provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and *in the manner provided by the law of the state in which the district court is held*, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the

> United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action (emphasis added).

Fed. R. Civ. P. 64.

Florida Statutes Ch. 77.01 et seq. govern matters of prejudgment garnishment in this state. Specifically, Fla. Stat. § 77.031 provides in pertinent part:

> (1) A writ of garnishment shall be issued by the court or by the clerk on order of the court.

> (2) To obtain issuance of the writ, the plaintiff, or the plaintiff's agent or attorney, shall file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set forth a notice to the defendant of the right to an immediate hearing for dissolution of such writ pursuant to s. 77.07. Upon issuance of the writ of garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.

> (3) Except when the plaintiff has had an attachment writ issued, no writ of garnishment before judgment shall issue until the plaintiff, or the plaintiff's agent or attorney, gives a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment. A garnishment bond is not void or voidable because of an informality in it, nor shall the obligors be discharged because of the informality, even though the garnishment is dissolved because of the informality.

On review and consideration of the instant motion, the Court finds Plaintiffs have satisfied the requirements set forth in sub-section (2) to Fla. Stat. § 77.031, but have failed to satisfy the requirements set forth in sub-section (3). Plaintiff Thomas K. Hawley submitted an affidavit swearing to the requirements stated in sub-section (2) (*see* Doc. #7, Exh. A).[1] However, the instant motion does not contain any reference to the posting of a sufficient bond.

The Court also notes that Fla. Stat. § 77.28 specifies that a party seeking a writ of garnishment shall deposit $100 into the registry of the court before issuance of the writ so that such monies may be paid to the garnishee for the payment or part payment of the garnishee's attorney's fees. Plaintiffs have not addressed the deposit of such funds.

The Court is also concerned with the lack of specificity to the bank accounts which Plaintiffs seek to garnish. Plaintiff Hawley's affidavit indicates he transferred monies into "an account" at the Bank of America, N.A. in the name of Defendant Coin Castle Casinos, II, Inc. The Court is unable to discern the actual account into which these monies were transferred. Additionally, there is no reference to Bank of America accounts of the other named defendants, yet Plaintiffs' request would encompass such accounts if they do exist.

Thus, upon due consideration, the Court will **DENY without prejudice** Plaintiffs' Motion for Prejudgment Writ of Garnishment (Doc. #7). The Court would consider a renewed motion seeking a prejudgment writ of garnishment if the concerns discussed herein were addressed.

---

[1] The Court notes Plaintiffs did not submit a proposed writ of garnishment for the Court's review. A writ of garnishment shall not issue unless proper notice to the Defendants as detailed in Fla. Stat. §77.031(2) is provided.

**DONE AND ORDERED** at Jacksonville, Florida this  20th  day of November, 2006.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge