UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS K. HAWLEY, and EQUITY TRUST
COMPANY, CUSTODIAN f/b/o THOMAS K.
HAWLEY IRA,

    Plaintiffs,

vs.                Case No. 3:06-cv-986-J-33TEM

AMERICAN EAGLE SAILING, INC., a
Florida corporation, AMERICAN EAGLE
FLEET AND LEASE, INC., a Florida
corporation, RISING STAR
CORPORATION, a foreign corporation,
COIN CASTLE CASINOS, II, a Florida
corporation, and THOMAS O'DONNELL,
an individual,

    Defendants.
_____/

**ORDER**

  This matter comes before the Court pursuant to the Motion for Default Judgment (Doc. # 52) filed by the plaintiffs on July 16, 2007. No defendant has filed a response. For the reasons that follow, the Court grants the plaintiffs' motion.

  On November 9, 2006, the plaintiffs filed a six-count complaint against five defendants. (Doc. # 1.) The complaint primarily alleged that American Eagle Sailing defaulted on a $500,000 loan secured by a first preferred ship mortgage, and that other defendants fraudulently induced the plaintiffs to make the loan. The note under which American Eagle Sailing promised to

1

repay the loan is attached to the complaint.  (Doc. # 1-2, at 9-11.)

In November 2006, one defendant was dismissed from this case. (Doc. # 12.)  The other four defendants then appeared on January 3, 2007, and filed a motion for enlargement of time to respond to the complaint. (Doc. # 28.)  Shortly thereafter, defense counsel moved to withdraw (Doc. # 31), and the Court granted that motion on January 19 (Doc. # 35).  On January 25, 2007, a letter was filed advising the Court that American Eagle Sailing had filed for bankruptcy protection. (Doc. # 37.)  In March 2007, the plaintiffs sought entry of default against the three remaining defendants who had not filed bankruptcy, American Eagle Fleet and Lease, Inc., Coin Castle Casinos, II, Inc., and Thomas O'Donnell ("the defaulted defendants").  (Doc. # 44; Doc. # 46.)  The Court granted this request on May 15 (Doc. # 50), and the Clerk entered default on May 16, 2007, (Doc. # 51).  The plaintiffs now ask for a judgment by default.

Well-pleaded factual allegations are established by default. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  In their motion for default judgment, the plaintiffs rely on the fraud allegations against the defaulted defendants.  (See Doc. # 52, at 2.)  The complaint contains sufficient allegations to establish the defaulted defendants'

liability for fraud in the inducement, see Tindall v. Gibbons, 156 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001) (stating elements of fraudulent inducement). Moreover, it contains sufficient allegations to establish liability on the part of two of the defaulted defendants for fraud, see Webb v. Kirkland, 899 So. 2d 344, 346 (Fla. 2d DCA 2005) (stating elements of fraudulent misrepresentation), or negligent misrepresentation, Rogers v. Cisco Sys., 268 F. Supp. 2d 1305, 1312 (N.D. Fla. 2003) ("The elements of a negligent misrepresentation claim are essentially the same as those for fraudulent misrepresentation, except that, instead of knowledge of the falsity of the representation, the plaintiff need only prove that the representor reasonably should have known of the statement's falsity.").

Additionally, the complaint contains allegations sufficient to establish that the defaulted defendants are jointly and severally liable. Under Florida law,[1] the doctrine of joint and several liability applies in actions based upon an intentional tort. See Merrill Crossings Assocs. v. McDonald, 705 So. 2d 560, 560-62 (Fla. 1997) (determining that common law doctrine of joint and several liability applies to actions based upon intentional torts). The plaintiffs' action for fraud in the inducement is an action based upon an intentional tort. "Joint and several liability among

---

[1] Because this is a diversity action, the Court must apply Florida law. Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F.3d 1317, 1318 (11th Cir. 2004).

multiple tortfeasors exists when the tortfeasors, acting in concert or through independent acts, produce a single injury." Acadia Partners, L.P., v. Tompkins, 759 So. 2d 732, 736 (Fla. 5th DCA 2000). In the context of the claim for fraud in the inducement, it is clear that the defaulted defendants' false representations that they would guarantee the note produced a single injury to the plaintiffs, namely, the loss of $500,000. Consequently, each of the defaulted defendants is jointly and severally liable for the injury.

In their motion for default judgment, the plaintiffs request damages representing return of the $500,000 lent to American Eagle Sailing under the note, plus interest computed at 17% annually, plus attorney's fees and costs. The plaintiffs have supported their damages request with affidavits. Thomas Hawley affies that the fraud in this case has caused him to lose the $500,000, plus the time value of that money, which was measured in the note at 17% per year. The plaintiffs argue that the lost value of the loan is an accurate measure of the plaintiffs' damages. (Doc. # 52, at 2.) Thus, the Court finds that appropriate damages are $500,000, plus interest measured at 17% per year. Hawley avers that the note was executed on October 3, 2006. Accordingly, interest is computed from that date. The total amount of principal and interest is

$587,095.89.[2]

The plaintiffs argue that they are entitled to attorney's fees under the note. Indeed, the note provides for costs of collection, including attorney's fees. (Doc. # 1-2, at 10.) The plaintiffs never explain, though, why they can benefit from the provision of the note allowing costs of collection. None of the defaulted defendants is a party to the note. As such, the plaintiffs are unable to enforce a promise in the note against the defaulted defendants.

The plaintiffs also request costs of $3,012.67. It appears the plaintiffs request $2,241.56 under 28 U.S.C. § 1920, and $771.11 as part of the attorney's fees. The Court awards the portion requested under § 1920. Because the Court declines to award attorney's fees, however, the Court declines to award that portion of the costs sought as part of the attorney's fees.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Motion for Default Judgment (Doc. # 52) is hereby **GRANTED** to the extent stated below.

2. The plaintiffs shall have a money judgment against the defaulted defendants (American Eagle Fleet and Lease, Inc., Coin

---

[2]Three hundred seventy-four days have elapsed since the execution of the note. Accordingly, the Court has computed the interest using the following equation: $500,000 * 17\% * (374/365)$. The product is $87,095.89.

5

Castle Casinos, II, Inc., and Thomas O'Donnell), jointly and severally, for $589,337.45.  This amount includes $587,095.89 in damages and $2,241.56 in costs.

    3.    The Clerk shall enter judgment accordingly.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of October 2007.

                                       VIRGINIA M. HERNANDEZ COVINGTON
                                       UNITED STATES DISTRICT JUDGE

Copies:   All Parties and Counsel of Record